22cv4924
Judge Rowland
Mgistrate Judge Harjani
RANDOM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>Owner of Getgeminigummies.com,<br>Owner of Optimalketogummies.com,<br>Owner of Retreatdiscord.boutique,<br>Owner of Dietjuly22.com,<br>Owner of Resoluteadjunct.directory,<br>Owner of Buymeltaway.com,<br>Owner of vomitventra.cricket,<br>Owner of getbiolyfecbd.com,<br>Owner of cbdloz.net,<br>Owner of bosomincome.limited,<br>Owner of wholeleafonline.com,<br>Owner of newcbdforhealth.com,<br>Owner of buytrunature.com,<br>Owner of masterlatt.shopping, AND<br>Owner of adherewelc.discount,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>**RECEVIED**<br>**9/12/2022**  **KG**<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), brings this action against Defendants Owner of Getgeminigummies.com, Owner of Optimalketogummies.com, Owner of Retreatdiscord.boutique, Owner of Dietjuly22.com, Owner of Resoluteadjunct.directory, Owner of Buymeltaway.com, Owner of vomitventra.cricket, Owner of getbiolyfecbd.com, Owner of cbdloz.net, Owner of bosomincome.limited, Owner of wholeleafonline.com, Owner of newcbdforhealth.com, Owner of buytrunature.com, Owner of masterlatt.shopping, and Owner of adherewelc.discount, which are fictitious entities ("Defendants"), and alleges based on personal knowledge and information and belief, as follows:

1

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. One thing is for certain, this telemarketer is good, very sneaky, and smart. But these characteristics are not an affirmative defense to violating federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants are being fictitiously named here because their true name is not yet known. Plaintiff has reasonably inquired as to their identity and has been unable to identify the true indispensable party. The Court's assistance, via subpoena power, will be requested to help facilitate the proper naming and service of the allegedly responsible entity.

3. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

4. This case involves a campaign by Defendants, to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendants as they regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9. Defendant Owner of Getgeminigummies.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

10. Defendant Owner of Optimalketogummies.com is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

11. Defendant Owner of Retreatdiscord.boutique, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

12. Defendant Owner of Dietjuly22.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an

LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

13. Defendant Owner of Resoluteadjunct.directory, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

14. Defendant Owner of Buymeltaway.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

15. Defendant Owner of vomitventra.cricket, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

16. Defendant Owner of getbiolyfecbd.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

17. Defendant Owner of cbdloz.net, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

18. Defendant Owner of bosomincome.limited, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

19. Defendant Owner of wholeleafonline.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

20. Defendant Owner of newcbdforhealth.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

21. Defendant Owner of buytrunature.com, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

22. Defendant Owner of masterlatt.shopping, is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

23. Defendant Owner of adherewelc.discount is an entity operating a telemarketing scheme wherein texts are sent to individuals soliciting the sale of CBD products. Owner may be an

LLC, company, or an individual and a substitution of parties will occur once their identity is ascertained.

24. Defendants are each a person as defined by 47 U.S.C. § 153(39).

25. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

26. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

27. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

28. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

6

29. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

30. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes any non-consensual calls made for non-emergency purposes, regardless of whether or not they are informational, telemarketing, telephone solicitations, or similar such calls. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

31. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:
[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

32. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

33. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

35. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

36. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

37. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

38. The restriction against using an ATDS or prerecorded message to call a number applies to any non-emergency, non-consensual call, regardless of its purpose, regardless of whether they are telephone solicitations (as in survey or political calls), and regardless of whether the individual called in on any do-not-call registry. *See Perrong v. Victory Phones LLC,*

8

No. CV 20-5317, 2021 WL 3007258, at *6 *(E.D. Pa. July 15, 2021)*. This is clearly indicated by the fact that the TCPA prohibits "any person" from initiating "any call" using an ATDS. *See* id.

## ALLEGATIONS

39. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

40. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

41. Plaintiff is the account holder and customary user of his phone number.

42. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

43. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

44. Defendants are an entity sending telemarketing texts to individuals soliciting the sale of CBD products, without having the required consent to send the telemarketing texts.

45. Each call identified below was a text sent to Plaintiff, and each was marketing the sale of CBD product. All of the texts directed Plaintiff to a similar landing page, despite being sent under different domain names and phone numbers. Plaintiff groups all the texts alleged in this Complaint under one Complaint and a single action because he believes they are all sent by or on behalf of affiliated entities.

46. **Call 1.** On or about August 6, 2022 at 7:00 PM Chicago Time, Plaintiff received a telephone text from Defendants, from a phone number of 540-408-7229.

47. The text in Call 1 stated "exhausted of seeing that fat 😳 it's so easy to melt away your stomach http://retreatdiscord.boutique/[...]"

48. Plaintiff sent a STOP request on August 6, 2022 at 8:26 PM Chicago time, and received in response "Free Msg: Receiver 15404087229 unable to receive message - Message Blocking is active."

49. At the time the link was sent, a website which resembled that of Time Magazine was displayed at the URL. Plaintiff archived a link of the website at the time it was received. https://web.archive.org/web/20220807000554/https://dietjuly22.com/?s1=AMilliAMilliNONamesTMOBFID346672OF6&s3=sc_39852%2Clcat_1659830388&s4=28754&s5=4242191582#.

50. The link that was included in the text message provided a link to Melt-Away ACV Gummies, at a website of buymeltaway.com. The website sells CBD based gummies.

51. At the time of filing this lawsuit, the link Plaintiff received had already expired or self-destructed, but Plaintiff has archived the link before that occurred.

52. **Call 2.** On or about August 7, 2022 at 9:09 AM Chicago Time, Plaintiff received a telephone text from Defendants, from a phone number of 501-502-3668.

53. The text in Call 2 stated "need your gal to stop laughing at you in bed? show her who's the honcho http://dustquotient.boutique/[...]"

54. At the time of filing this lawsuit, the link Plaintiff received had already expired or self-destructed, but Plaintiff has archived the link before that occurred.

55. **Call 3.** On or about August 11, 2022 at 10:57 AM Chicago Time, Plaintiff received a telephone text from Defendants, from a phone number of 208-544-1975.

56. The text in Call 2 stated "You only need to read it yourself to get the information. The newest release is this. It is quick and efficient. Stop disappointing your wife. http://resoluteadjunct.directory/[...]"

57. While Plaintiff did not archive the links to the other sites, the other texts provided promotional material for the websites https://optimalketogummies.com/dtc/gummy/elite/?, and https://getgeminigummies.com/dtc/gummy/elite/index.php?c1=SMS.

58. **Call 4**. On or about September 6, 2022, at 7:40 PM Chicago time, Plaintiff received a text message from one or more Defendants, from telephone number 310-414-7016.

59. The text message in Call 4 stated "If u need to feel less pain, try http://masterlatt.shopping/fe3NrW."

60. **Call 5**. On or about September 7, 2022, at 10:01 PM Chicago time, Plaintiff received a text message from one or more Defendants, from telephone number 702-350-4745.

61. The text message in Call 5 stated "CBD Works! Sleep Like a Baby http://adherewelc.discount/FVRbk1."

62. An archived version of the website in the text identified above is available at: https://web.archive.org/web/20220911224550/https://cbdloz.net/?s1=0905cbd77TMOBFID6019&s3=sc_44061%2Clcat_1662606019&s4=31732&s5=4242191582#.

63. When clicking on this link, Plaintiff was redirected to a website of cbdloz.net.

64. After clicking on the site, an advertisement for TruNature CBD Gummies is displayed under one of the links in the above article. The domain name for the page was buytrunature.com. The entire link was https://buytrunature.com/promo/v2-new/index.php?AFFID=V1IC&C1=979&C2=0905cbd77TMOBFID6019&C3=63800830&tok=a27740283a757ef0.

11

65. When clicking on this link, Plaintiff was redirected to a website of cbdloz.net.

66. An archived version of the website in the text identified above is available at https://web.archive.org/web/20220908125212/https://cbdloz.net/?s1=0905cbd77TMOBFID6019&s3=sc_44061%2Clcat_1662606019&s4=31732&s5=4242191582#.

67. After clicking on the site, an advertisement for Liberty CBD is displayed under one of the links in the above article. The domain name for the page was https://libertycbd.newcbdforhealth.com/.

68. The LibertyCBD's website Terms of Service lists an entity name of Liberty CBD, LLC, along with a reference to it being incorporated in the State of Kansas. Plaintiff was unable to find such an entity in Kansas. The Terms of Service also provided an email address of care@newcbdforhealth.com, and telephone number of (888) 616-4130.

69. Plaintiff, on September 11, 2022, sent a written request for a copy of the do not call policy to care@newcbdforhealth.com.

70. **Call 6**. On or about September 10, 2022, at 12:48 PM Chicago time, Plaintiff received a text message from one or more Defendants, from telephone number 602-358-3934.

71. The text message in Call 6 stated "Natural Remedy to Support Sleep http://bosomincome.limited/TwxYsW"

72. An archived version of the website in the text identified above is available at https://web.archive.org/web/20220910182628/https://cbdloz.net/?s1=MasterCBDTMOB58OF119&s3=sc_44300%2Clcat_1662832009&s4=31809&s5=4242191582#.

73. The link in this text redirected to a website of "cbdloz.net."

74. One of the websites linked to the link identified in the message above was wholeleafonline.com. The entire link was:

12

https://wholeleafonline.com/?ts=864F505B&s1=9256&s2=MasterCBDTMOB58OF119&clickid=512509071.

75. **Call 7.** On or about September 11, 2022, at 3:30 PM Chicago time, Plaintiff received a text message from one or more Defendants, from telephone number 802-399-4204.

76. The text message in Call 7 stated "Great for Overall Sex Wellness http://vomitventra.cricket/rLSjTi."

77. An archived version of the website in the text identified above is available at: https://web.archive.org/web/20220911221953/http://vomitventra.cricket/rLSjTi.

78. The webpage which displays when Plaintiff clicked the link included further links to other websites. Specifically, one of those links included a domain of getbiolyfecbd.com, which was promoting the sale of CBD gummies.

79. The text messages contained a unique link that was designed to self-destruct to evade liability under the TCPA in a knowingly and willful manner. Defendants also failed to honor a do not call request made in writing.

80. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

81. The text messages were sent en-masse and by an automated system that meets the definition of an ATDS.

82. Plaintiff did not have a prior business relationship with the affiliate.

83. Defendants did not have any consent to call Plaintiff.

84. Defendants are not an organization exempt from the TCPA.

85. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

86. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

87. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

88. The impersonal, robotic, and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

89. In total, Defendants and/or their affiliates placed at least seven (7) telephone solicitation calls to Plaintiff.

90. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

91. Defendants have a pattern and/or practice of failing to comply with the TCPA.

92. The foregoing acts and omissions were in violation of the TCPA.

93. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

94. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

95. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

96. Plaintiff is also entitled to an award of costs.

97. Defendants' calls were not made for "emergency purposes."

98. Defendants' calls to Plaintiff were made without any prior express written consent.

99. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

100. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

101. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

102. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

103. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

### COUNT 1.
Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

104. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

105. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

106. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

107. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

### COUNT 2.
<u>Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200</u>

108. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

109. The TCPA's implementing regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

110. The TCPA's implementing regulations require that the entities making telephone calls train its personnel engaging in telemarketing. 47 C.F.R. § 64.1200(d)(2).

111. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

112. Defendants violated these provisions by failing to provide training to personnel including the caller on the rules concerning disclosure of identity and the required consent.

113. By placing at least seven telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, failing to maintain the Plaintiff on their Do-Not-Call list, failing to provide proper training to their employees, and failure to properly identify themselves, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

114. This amounts to thirty-five (35) violations since Defendants committed five (5) violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place and failing to provide such policy upon request. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6). The fourth violation is by failing to provide the proper training to the calling individuals. 47 C.F.R. § 64.1200(d)(2). The fifth violation is failing to properly identify themselves. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

115. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least six violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Plaintiff's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

116. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone

      number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

117. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

118. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

119. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $52,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $63,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Statutory damages of $500.00 per call for each and every violation of the TCPA's implementing regulations;

G. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly of the TCPA's implementing regulations;

All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

I. Leave to amend this Complaint to conform to the evidence presented at trial; and

J. Any other relief this Court deems proper.

Respectfully submitted,

Dated: September 12, 2022  /s/ Jorge Alejandro Rojas
Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*