IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, *Plaintiff,* vs. Owner of Getgeminigummies.com et al., *Defendants.* | Case No. 1:22-cv-04924 Judge Mary M. Rowland Magistrate Judge Sunil R. Harjani |

### EX PARTE APPLICATION FOR SUBPOENAS DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANT

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), proceeding pro se, respectfully moves this Court ex parte to grant him permission to have the Clerk of the Court issue five subpoenas duces tecum to determine the identity of the true Defendant(s) in this matter. The subpoenas requested are narrow, limited, and restricted. In support thereof, Plaintiff states as follows:

Plaintiff commenced this action on September 12, 2022, alleging various owners of websites violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by texting Plaintiff at least seven (7) times for the purposes of solicitation using an automatic telephone dialing system without the required consent, and the TCPA's implementing regulations, in violation of the Do Not Call Registry. Dkt. 1. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, (2016).

1

The Defendants in this case has been able to be secret and conceal their true identity. However, that does not give them the right to violate federal law without penalty. The requested subpoenas are sought to identify the true owners and entities behind fifteen (15) websites which were included in communications sent Plaintiff by Defendants.

All the texts alleged to be in violation of the TCPA in this action were sent for the purpose of marketing CBD products. Each of the texts were set to "self-destruct" or spoliate evidence of the website contained in the link. In most cases, Plaintiff made an archive copy of the websites prior to their destruction. Plaintiff's texts are included in the Complaint, and when Plaintiff clicked on the links, he was often subjected to multiple redirects before ultimately being sent to a website selling CBD products, which all looked similar in nature, or to webpages that looked like they were by popular brands such as Time Magazine, promoting those products, with links to storefronts selling them.

All of the texts asserted in the Complaint were sent without Plaintiff's consent. All of the texts were sent by entities that Plaintiff has never had a business relationship with. All of the texts were sent to Plaintiff's telephone while he resided and was located within this District.

Plaintiff seeks subpoenas directed at NameCheap, Inc, OwnRegistrar, Inc, Internet Domain Service BS Corp, TLD Registrar Solutions, LTD, and Whois Privacy Corp, seeking:

"All contact information records (name, address, phone number, email address) concerning the owner and/or administrator of [CONCERNING WEBSITE] as of [DATE CONCERNING]" pursuant to the following table:

| *Concerning Website* | *Subpoena Target* | *Date Concerning* |
|---|---|---|
| Getgeminigummies.com | NameCheap, Inc | August 11, 2022 (Text 3) |
| Optimalketogummies.com | NameCheap, Inc | August 11, 2022 (Text 3) |
| Retreatdiscord.boutique | NameCheap, Inc | August 6, 2022 (Text 1) |
| Dietjuly22.com | OwnRegistrar, Inc | August 6, 2022 (Text 1) |
| getbiolyfecbd.com | NameCheap, Inc | September 11, 2022 (Text 7) |
| cbdloz.net | NameCheap, Inc | September 7, 2022 (Text 5) |
| bosomincome.limited | Internet Domain Service BS Corp | September 10, 2022 (Text 6) |
| wholeleafonline.com | NameCheap, Inc | September 10, 2022 (Text 6) |
| newcbdforhealth.com | NameCheap, Inc | September 7, 2022 (Text 5) |
| buytrunature.com | NameCheap, Inc | September 7, 2022 (Text 5) |
| masterlatt.shopping | TLD Registrar Solutions Ltd. | September 6, 2022 (Text 4) |
| adherewelc.discount | Whois Privacy Corp | September 7, 2022 (Text 5) |

Plaintiff will combine all the domain names for a single responding party into a single subpoena. Plaintiff acknowledges that third-party discovery can burden the third party – but this is a routine request which is necessary to identify the proper party Defendants in this case. Plaintiff anticipates that most of the subpoenas will reveal common Defendants. Following receipt of responsive records, Plaintiff will amend the Complaint, and the Defendants will then have an opportunity to answer the allegations. Plaintiff, at the responding party's request, will also pay any necessary reasonable fees associated with the processing of these subpoenas.

The Subpoena Target identified in the above table was identified based on WHOIS searches which identify who the domain registrar or the privacy blocker for each domain is. Plaintiff utilized https://lookup.icann.org/en/lookup and https://www.godaddy.com/whois. Some texts identify more than one domain name because more than one domain name was part of the redirect or the links contained in the texts sent to Plaintiff.

Notwithstanding the fact that the websites purport to sell CBD products, Plaintiff has been unable to identify a true indispensable entity behind their operation. Despite not having ever purchased from the websites at issue, Plaintiff's credit card was somehow charged on October 4, 2022, under the merchant name of "Power Keto." Plaintiff also received a confirmation email from "Power Keto" and the domain name of https://advancedlegacytech.com/, which took Plaintiff to a website nearly identical to the websites included in the text messages part of this case.

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against the true indispensable entity in this case because of Defendants' actions. The owner of the websites will have an opportunity to oppose the requested subpoena, to the extent it is granted and the subpoena'd target notifies them, by seeking to quash the same. The owner, to the extent they are not the telemarketer, will have an opportunity to oppose the lawsuit following amendment of the complaint. Whoever is behind the telemarketing scheme is operating in secrecy and using limited time period links, and obscure names to avoid identification and liability under the TCPA.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Defendants are currently allegedly making telemarketing calls without the required consent being received from the caller. In situations where discovery is requested early, Courts consider the entirety of the

4

record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendants have texted Plaintiff despite not having the required consent to do so, using an automatic telephone dialing system.

Other Courts have frequently used "Notaro" factors when evaluating whether early discovery is appropriate. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982). While Plaintiff does not believe that this Circuit has adopted that approach, Plaintiff believes those factors weigh in his favor and support the granting of this request.

The *Notaro* factors are: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between expedited discovery and avoidance of the irreparable injury; and (4) some evidence that injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Plaintiff will suffer irreparable injury unless this application is granted. Specifically, Plaintiff will be unable to pursue his claims without knowing the true indispensable entity to pursue them against, which the subpoena will identify. The information provided by the callers is insufficient for Plaintiff to identify the proper indispensable entity given Defendants intention to hide who they are.

As to the second factor, Plaintiff believes he is likely to succeed on the merits. As alleged in the Complaint, Plaintiff received at least seven telemarketing phone calls/texts without the required consent. As to the third factor, Plaintiff believes that the discovery requested will avoid the irreparable injury, because it would identify who owns the website engaging in the telemarketing calls, and allow him to pursue claims against that party. As to the fourth factor, Plaintiff does not believe Defendants will be injured by this request, given that the subpoenaed parties will provide an opportunity to the website owner to object to the request. Plaintiff also will

not share the information obtained in the subpoena outside of the context of this litigation. Moreover, the Defendants still can oppose the relief requested in the complaint after being identified, including the opportunity to raise any affirmative defenses.

The requested information is sought ex parte because pursuant to the discovery rules, Plaintiff has not been able to hold a Rule 26 conference as the Defendants has yet to be identified. Pursuant to L.R. 37.2, Plaintiff is unaware of any counsel for Defendants and has been unable to confer with them, as the party has yet to be identified through no fault of Plaintiff's.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoenas. Following being provided the requested information, Plaintiff will amend the Complaint to reflect the correct indispensable parties. Plaintiff proposes providing routine status reports to this Court. A proposed order is included with this filing.

Respectfully submitted,

Dated: October 6, 2022 /s/ Jorge Alejandro Rojas

>Jorge Alejandro Rojas
>557 Cambridge Way
>Bolingbrook, IL 60440
>Rojas.jorge96@gmail.com
>424-219-1582
>Plaintiff in *Pro Se*

**CERTIFICATE OF SERVICE**

The undersigned certifies that he was unable to send a copy of this filing to any Defendant as they have yet to be identified.

/s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas

6